## Black Brothers Lumber Company *v.* Person.

### Opinion delivered March 3, 1924.

Trial—Withdrawal of argument.—Argument of plaintiff's attorney that the jury could expect no different testimony from a certain witness, because he was working for defendant and would lose his job if he testified different from what it wanted him to testify, while improper, was not reversible error, where it was withdrawn, though the court refused to reprimand the attorney.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

Counsel's remarks in his attempt to discredit the testimony of the witness Samuelson was outside the bounds of legitimate argument. It was highly prejudicial and improper, and the court erred in refusing to reprimand counsel, and in failing to instruct the jury not to consider the argument for the reason that there was no testimony upon which to base it. 71 Ark. 434; 70 Ark. 306; 108 Ark. 594.

*Avery M. Blount* and *John E. Miller,* for appellee.

No prejudice resulted from the argument. This court will not reverse on account of improper argument, unless an undue advantage was secured thereby which worked a prejudice to the losing party, not warranted by

the law and the facts in the case.   74 Ark. 256; 86 Ark. 600; 71 Ark. 434.

McCULLOCH, C. J.   Appellee instituted this action in the circuit court of White County against appellant, a corporation, to recover for the price of drilling a well, the work being alleged to have been done under contract by appellee for appellant.   The terms of the contract, as claimed by appellee, were set forth in the complaint, but appellant in its answer denied the terms of the contract as alleged, and, on the contrary, alleged that the contract was that appellee guaranteed that he would procure good water, and had not done so.   The case was tried before a jury on the issue of fact presented as to what the contract was, and, upon correct instructions submitting the issue to the jury, there was a verdict in favor of appellee.

Appellant presents, as the only ground for reversal, an exception to the argument of one of the attorneys for appellee.

The bill of exceptions recites that, during the argument of the case, Mr. Blount, one of the attorneys for appellee, stated to the jury that "they couldn't expect any different testimony from the witness Samuelson, for the reason that he was working for Black Brothers, a corporation, and that they had subpoenaed him and brought him here to testify, and if he testified any different from what they wanted him to, it would mean he would lose his job."   Appellant objected to the statement, and asked the court to reprimand the attorney, whereupon, the bill of exceptions recites, "Mr. Miller, one of the attorneys for plaintiff, told Mr. Blount to withdraw the statement from the jury, which Mr. Blount said he would do; whereupon Mr. Neelly stated to the court that that wouldn't cure the matter, and asked the court to reprimand the attorney, whereupon the court said to Mr. Blount that his argument was objected to."   Exceptions were duly saved.   The argument was improper, but it was clearly withdrawn, and the court, in making reference to it, took cognizance of the fact that

it had been withdrawn. The only thing that counsel for appellant insisted on was that the attorney should be reprimanded. The action of the counsel for appellee and of the court was sufficient to withdraw the improper remark from the consideration of the jury, and the failure of the court to reprimand the counsel was not prejudicial to appellant, conceding that the conduct called for a reprimand.

It is not contended that the testimony is insufficient to support the verdict or that there was any error in the court's charge to the jury.

The judgment is therefore affirmed.